# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON WOODSON,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>KERN COUNTY CHILD SUPPORT SERVICES,<br><br>　　　Defendant. | Case No.: 1:18-cv-0726- LJO- JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (Doc. 2)<br><br>SCREENING ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |

　　　Jason Woodson seeks to proceed *pro se* and *in forma pauperis* with an action against Kern County Child Support Services. (Docs. 1, 2) For the following reasons, Plaintiff's motion to proceed *in forma pauperis* is granted. However, as explained below, Plaintiff fails state facts sufficient to support a claim arising under federal law, upon which relief can be granted. Therefore, the complaint is dismissed with leave to amend.

**I.　　Proceeding *in forma pauperis***

　　　The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court reviewed the financial status affidavit filed by Plaintiff (Doc. 2), and finds he satisfies the requirements of 28 U.S.C. § 1915(a). Therefore, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.

1

**II.     Screening Requirement**

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**III.    Pleading Standards**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to inform the defendant of the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV.     Allegations

Plaintiff contends Kern County Child Support Services failed to recognize that he "had physical[] and legal custody" of his children H.W. and S.W. "from the time they were born, until now," which totals eighteen years. (Doc. 1 at 1, 3) He alleges that Child Support Services ("C.S.S.") charged him "with abandoning [his] children," which Plaintiff as unaware of "for almost ten years, until 2015" when a C.S.S. representative made this statement in court. (*Id.* at 13)

Plaintiff alleges that he "was being charged money [while] the children were living with [him]." (Doc. 1 at 8) According to Plaintiff, he first received a bill in 2005, at which time he "went to the child support office to straighten out the obvious mistake." (*Id.* at 9) Plaintiff asserts a C.S.S. representative informed him that he needed to "fill out [a] modification packet," and they would "straighten everything out." (*Id.*) He asserts that eight weeks later he was informed the packet was "incomplete," after which he submitted a second packet. (*Id.*) Plaintiff was then informed the "second packet was filled out 'improperly,'" eight weeks after its submission. (*Id.*) He contends that C.S.S. wrongfully "took … 40% [of his money] for more than fourteen years. (*Id.* at 6) Further, Plaintiff asserts that "every month [he] did not have any money they suspended [his] license." (*Id.* at 1)

Based upon these facts, Plaintiff contends C.S.S. is liable for violations of the Fourth, Fifth, Seventh, and Fourteenth Amendments to the United States Constitution. (Doc. 1 at 2) In addition, Plaintiff contends the entity is liable for negligence, corruption, extortion, child endangerment, defamation, and "misrepresentation of documentation." (*Id.* at 1-2)

## V.     Discussion and Analysis

### A.     Claims arising under Section 1983

Plaintiff asserts his claims arise under "Title 42," without identifying the specific section of law. (*See* Doc. 1 at 1) However, Plaintiff may bring his claims for violations of the amendments to the

3

United States Constitution under Title 42 of the United States Code, Section 1983 ("Section 1983") which is "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In relevant part, Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege a specific injury was suffered, and show causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff." *Chavira v. Ruth*, 2012 WL 1328636, at *2 (E.D. Cal. Apr. 17, 2012). An individual deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In other words, "[s]ome culpable action or in action must be attributable to defendants." *See Puckett v. Corcoran Prison - CDCR*, 2012 WL 1292573, at *2 (E.D. Cal. Apr. 13, 2012).

### 1. Liability of the Kern County Child Support Services

As an initial matter, the department of Child Support Services for Kern County is not a proper defendant to Plaintiff's claims for a violation of Section 1983. Although municipalities, such as cities and counties, are amenable to suit, departments or bureaus of municipalities—like Child Support Services—are "not generally considered 'persons' within the meaning of Section 1983." *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005); *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995) ("Although municipalities, such as cities and counties, are amenable to suit ... sub-departments or bureaus of municipalities, such as the police departments, are not generally considered 'persons' within

4

the meaning of § 1983"); *Lawrie v. Garcia,* 2012 U.S. Dist. LEXIS 12399 at *6-7 (S.D. Cal. Feb. 2, 2012) (holding the Department of Child Support Services for the County of San Diego was "not a proper defendant under § 1983" and "the County itself is the proper defendant"). Thus, Child Support Services is not the proper defendant in this action.

### 2. Liability of the County

Local governments, such as the county, are "persons" subject to suit for "constitutional tort[s]" under Section 1983. *Haugen v. Brosseau*, 339 F.3d 857, 874 (9th Cir. 2003) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). To state a civil rights claim against a local government under *Monell*, a plaintiff must set forth facts alleging the following: (1) the local government official(s) must have intentionally violated the plaintiff's constitutional rights, (2) the violation must be a part of policy or custom and may not be an isolated incident, and (3) there must be a link between the specific policy or custom to the plaintiff's injury. *See Monell*, 436 U.S. at 690-92.

A plaintiff may show a municipal policy or custom in three ways:

(1) A longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity;

(2) The decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of the decision; or

(3) An official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.

*Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005). In addition, a municipal policy may be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded. *Id.*

Proof of random acts or isolated events is insufficient to establish a custom or practice. *Thompson v. City of L.A.*, 885 F.2d 1439, 1444 (9th Cir. 1989). Rather, a plaintiff must allege facts supporting a conclusion that the entity has engaged in widespread, systematic constitutional violations which have become the force of law. *Board of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997).

The facts alleged by Plaintiff do not support the conclusion that the County has a policy, custom, or practice that lead to violations of his constitutional rights under the Fourth, Seventh, or

Fourteenth Amendments.[1] Seemingly, Plaintiff is asserting that the entity is liable because it employed the C.S.S. representatives who he believes acted unlawfully. This is insufficient. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989) (no *respondeat superior liability* under 42 U.S.C. § 1983); *Monell,* 436 U.S. at 691 (no municipal liability for a constitutional violation merely because of an employment relationship). Accordingly, the facts alleged are insufficient to support his claims under Section 1983 against the County.[2]

### B. The *Rooker-Feldman* Doctrine

Under the *Rooker-Feldman* doctrine, a party may not seek appellate review in federal court of a decision made by a state court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The Ninth Circuit explained,

> Typically, the *Rooker-Feldman* doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the losers' federal rights.

*Doe v. Mann*, 415 F.3d 1038, 1041-42 (9th Cir. 2005); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (the *Rooker-Feldman* doctrine precludes a district court from appellate review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced . . ."). Accordingly, the district court lacks jurisdiction over "claims . . . 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (citing *Feldman*, 460 U.S. at 483, 485)).

Significantly, it appears that Plaintiff seeks to have the Court vacate the family court

---

[1] Plaintiff also alleges a violation of his civil rights under the Fifth Amendment. However, the Fifth Amendment applies only to actions by the *federal* government. *Rank v. Nimmo*, 677 F.2d 692, 701 (9th Cir. 1982). There must be a "significantly close nexus" between the federal government and the actor for the Fifth Amendment to apply to nonfederal entities or individuals. *Id.* Here, Plaintiff has not made any factual allegations regarding a connection C.S.S. representatives may have to the federal government. Thus, Plaintiff fails to state a claim for a Fifth Amendment violation.

[2] The remaining claims in Plaintiffs complaint arise under state law. Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." Importantly, the Ninth Circuit determined that "[w]hen federal claims are dismissed before trial . . . pendant state claims also should be dismissed." *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992) (internal quotation marks omitted); *see also Brown v. Lucky Stores, Inc*., 246 F.3d 1182, 1189 (9th Cir. 2001) (recognizing the propriety of dismissing supplemental state law claims without prejudice when the district court has dismissed the federal claims over which it had original jurisdiction). At this juncture—because Plaintiff failed to state a cognizable claim under federal law—the Court declines to analyze the merits of his state law claims.

determination that child support was owed, which resulted in the suspension of his driver's license and lost wages. However, the *Rooker-Feldman* doctrine bars federal review of state court decisions regarding proceedings in family court. *See, e.g., Moore v. County of Butte*, 547 Fed. Appx. 826, 829 (9th Cir. 2013) (finding a plaintiff's claims challenging the outcome of custody proceedings were properly dismissed); *Rucker v. County of Santa Clara, State of California*, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) (finding the plaintiff's claims were "inextricably intertwined" with the state court's rulings where the plaintiff "challenge[d] his original child support order on jurisdictional grounds, dispute[d] his total child support arrearages, and allege[d] that Santa Clara County's garnishment order against his disability benefits payments is invalid"); *see also Ignacio v. Judges of U.S. Court of Appeals*, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming the district court's dismissal of the case "because the complaint is nothing more than another attack on the California superior court's determination in [the plaintiff's] domestic case"). Accordingly, it appears the Court is unable to grant Plaintiff the relief requested according to the *Rooker-Feldman* doctrine.

## VI.     Conclusion and Order

For the reasons set forth above, the Court is unable to find Plaintiff states a cognizable claim under federal law. However, the factual deficiencies may be cured by amendment, if Plaintiff is able to identify an unconstitutional policy or custom. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper only where it is obvious that an opportunity to amend would be futile). Therefore, Plaintiff will be given **one** opportunity to amend his pleading and set forth facts sufficient to support a claim arising under federal law, which is not barred by the *Rooker-Feldman* doctrine.

Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Finally, Plaintiff is

warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;
2. Plaintiff's Complaint is **DISMISSED** with leave to amend; and
3. Within thirty days from the date of service of this order, Plaintiff **SHALL** file a First Amended Complaint.

**If Plaintiff fails to comply with this order to file an amended complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order**.

IT IS SO ORDERED.

Dated: **June 12, 2018**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE